## LOUISE M. MILLER
*vs.*
## LESLIE WILLIAM MILLER ET AL.

Superior Court          Fairfield County          File No. 67294

MEMORANDUM FILED DECEMBER 15, 1943.

*Williaim L. Tierney,* of Greenwich, for the Plaintiff.

*David R. Lessler,* of Bridgeport, for the Defendant.

MUNGER, J. The case presents these facts in substance: It is alleged that the defendant Leslie Miller procured a divorce

from the plaintiff in the State of Florida by fraud. He then came to Connecticut and here contracted a marriage with the defendant Anna Miller. It is said that as the divorce secured in Florida was fraudulent and invalid, it obviously follows that the marriage in Connecticut was void. The effect of this, of course, is that the defendants are living as man and wife in a bigamous relation. This court is asked to declare the Connecticut marriage void by virtue of the fact that the Florida divorce was void.

The plaintiff relies on section 1316e of the 1939 Supplement to the General Statutes, which is, in part, as follows: "Whenever from any cause any marriage shall be void or voidable under the laws of this State or of the state in which such marriage was performed, the superior court may, upon complaint, pass a decree declaring such marriage void."

Both the plaintiff and the defendants are nonresidents of this State, the plaintiff being a resident of the State of New York and the defendants being residents of Illinois. The defendants concede that the court has jurisdiction of the subject matter, but claim that the court has no jurisdiction of the parties. The defendants base their claim upon the fact that service of process was not made and could not be made in the only way in which the court could obtain jurisdiction of the parties, and that is by virtue of following the requirement of section 5444 of the General Statutes, Revision of 1930. This statute reads, in part, as follows: ".... all other civil actions, if brought to the superior court or court of common pleas, shall be brought in the county, and, if brought to the court of common pleas for said judicial district, in said district, and, if brought before a justice of the peace, in the town where the plaintiff or defendant dwells, if either or both of them are inhabitants of this state; but, if neither of them is an inhabitant of this state, the action shall be brought in the county or in the judicial district where the defendant is when the action is commenced, or, if the defendant is not within the state, where the estate which is attached is situated."

This is a declaratory action. The court is asked to declare and decree that the divorce secured by the defendant Leslie Miller in the State of Florida is void by reason of the manner in which it was obtained as set out in the complaint, and is therefore asked to decree the Connecticut marriage void. Subdivision (d) of section 250 of the Practice Book (1934)

rules provides that the Superior Court will not render declaratory judgments "unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." Section 251 of the rules is entitled "Procedure," and in subdivision (a) thereof it is said: "the form and practice prescribed for civil actions shall be followed." Section 5444 of the General Statutes, Revision of 1930, upon which the defendants base their claim of lack of jurisdiction of the parties, was in effect in the 1918 revision of the General Statutes and so was long in effect before the rules carrying out the declaratory judgment statute were enacted in 1922. In the opinion of the court the action providing for a declaratory judgment is not an ordinary civil action but is an action *sui generis*. I do not think that the plaintiff is obliged to proceed in bringing this action by following the provisions of section 5444. If the declaratory action were in all respects an ordinary civil action, there would be no occasion for the rule just quoted as to procedure. What object would there be in saying that the form and practice prescribed for civil actions shall be followed if the action were in all respects an ordinary civil action?

The provision of the rules for carrying out declaratory judgments which provides, as above-quoted, that the court will not hear the subject matter of the complaint unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof carries the clear implication that the court will hear the case if all the parties to the action do have reasonable notice thereof. No other commonsense interpretation of this provision can be made. The service in this case was made upon both defendants by proper orders of notice, in accordance with our statutory procedure. If the position taken by the defendants is sound, it would mean that this court could never relieve a most intolerable situation. If the Florida divorce is void and the parties have come into this State and offended its sovereignty by a bigamous marriage, that state of affairs should be corrected. The defendants should not have the power to prevent this wrong being righted merely by remaining out of the State at all times or having no estate here which might be attached. .

In the opinion of the court it has jurisdiction of the parties, and the plea to the jurisdiction and in abatement is overruled.