[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, the defendant Marburg moves that this matter be transferred to the Superior Court for Fairfield. The individual defendants reside in that county and since, according to the defendants, the plaintiff is a "foreign corporation" pursuant to Sec. 51-345(c)(3) of the Practice Book the proper venue would be the Fairfield Judicial District.
The plaintiff objects to the motion on two grounds. It cites the case of Miller v. Miller, 12 Conn. Sup. 276 (1943) and claims declaratory judgment actions are "sui generis". Therefore, venue requirements do not apply. Miller, however, basically involved an issue as to whether, in a case that cried out for resolution, jurisdiction could be asserted in our courts over the defendant under the then existing statutory scheme. The statute that could be read to preclude the exercise of such jurisdiction predated the declaratory judgment act so the court held that the fact that the service of process statute did not seem to permit service of process on the defendant wouldn't preclude the court from taking jurisdiction of the declaratory judgment action.
Here, however, the court has jurisdiction, ironically enough because of the court's prior ruling in the plaintiff's favor under the so-called long arm statute in a motion filed by another defendant.*
CT Page 11666
So the question becomes, is a declaratory judgment "sui generis" for the purposes of the venue statute, Section 51-345
C.G.S.A. That statutory section is entitled "Return of Civil Process (a) Actions in general," then goes on to talk about (c) Actions against a corporation. "The declaratory judgment statute, Section 52-29 C.G.S.A. says "The superior court in any action or proceeding may declare rights . . ." (Emphasis added). I do not believe that for purposes of the venue statutes once an action is in the courts a declaratory judgment action should be considered "sui generis." The courts have an interest in the rational allocation of cases once they are properly in court, not only for the parties but often for their own convenience. Nothing in the language of Section 51-345 or 52-29 prevents the rational application of this policy to declaratory judgment actions and no one would be thrown out of court as in Miller by applying it so. I reject the plaintiff's first ground for objecting to the transfer.
The second ground has more merit. Section 51-345(c) concerns actions by "corporations" and subsection (3) says: "If the plaintiff is a foreign corporation and the defendant is a resident, to the judicial district where the defendant resides. In Section 51-343 C.G.S.A. "foreign corporation" means any corporation incorporated under the laws of any other state or foreign government.
The plaintiff maintains that it is not a corporation but a voluntary association and its members consist of all its policyholders, numerous numbers of whom reside in the Judicial District of Hartford. In a motion to dismiss filed previously in this case the defendant, Bonita Marburg, attached an "Annual Statement" of the plaintiff for the year ending December 31, 1993 to its memorandum dated March 28, 1994. That document is apparently filed with the Insurance Department of the State of Connecticut. That statement indicates the plaintiff, USAA, is "A Reciprocal Interinsurance Exchange" which is "organized" under the laws of the State of Texas. Various information is then supplied on this form by U.S.A.A., including its officers and directors", mailing address, etc. Next to the work "Incorporated" the answer appears "No".
The plaintiff does not appear to be a "corporation" as that term is commonly used. The legislature certainly knows CT Page 11667 the differences in business entities when passing statutes concerning venue or the assertion of long arm jurisdiction. Thus, Section 52-57 talks about the "Manner of service upon individuals, municipalities, corporations, partnerships andvoluntary associations." (Emphasis added). In fact, in subsection (e) of that statute, a whole procedure for service on "voluntary associations" is set out. In its complaint, the plaintiff, at paragraph 1, describes itself as a voluntary association. Similarly Section 52-59b concerns itself with the "Jurisdiction of the courts over non-residents and foreignpartnerships." (Emphasis added).
The venue statute in Section 51-345 subsection (e) talked about "actions by corporations" — the plaintiff is simply not a corporation. There is a reason for all this beyond a mere playing with words. The legislature determined that as between an impersonal foreign corporation and an individual resident of our state, the statutes were going to give the individual an option of defending the action closer to home. What difference should it make from a convenience point of view whether the foreign corporation goes to Fairfield, New Haven, Stamford? A voluntary association although organized out of state could have individual members spread throughout our state so the reasoning behind applying Section 51-345
(c)(3) just to corporations would not apply.
I suppose the legislature could have passed a statute saying (c)(3) would also apply to "voluntary associations" or even "partnerships" if none of their members were residents of the state. The legislature did not do so and I cannot amend the statutes.
The motion to transfer is denied.
Corradino, J.